IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY FILED
06/06/2023
U.S. DISTRICT COURT
Northern District of WV

**CAROLINA MINERAL PARTNERS LLC,**
a North Carolina limited liability company

Civil Action No. 5:23-CV-214 (Bailey)

Plaintiff,

v.

**JAY-BEE PRODUCTION COMPANY,**
a West Virginia corporation,

**JURY TRIAL DEMANDED**

Defendant.

## COMPLAINT

COMES NOW THE PLAINTIFF, Carolina Mineral Partners LLC, through their counsel BERNSTEIN-BURKLEY, PC and BLOCK & ASSOCIATES, LLC, and complain as follows:

### PARTIES

1. Plaintiff Carolina Mineral Partners LLC is a North Carolina limited liability company whose mailing address is 4230 3rd Street NW, Hickory, NC 28601 ("CMP").

2. Defendant Jay-Bee Production Company is a West Virginia corporation whose address for notice of process is c/o Capitol Corporate Services, Inc., 1501 S. Mopac Expressway, Suite 220, Austin, TX 78746 ("Jay-Bee" or "Defendant").

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the statutory threshold.

4. This Court has personal jurisdiction over the Defendant because Jay-Bee is authorized to do business in West Virginia, regularly conducts business in West Virginia, and has committed the acts complained of within this Court's judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Court's judicial district, and a substantial part of the property that is subject to the action is situated in this Court's judicial district.

6. Each legal instrument referenced herein, unless otherwise specified, is on record in the Office of the Clerk of the County Commission of Tyler County, West Virginia.

## FACTUAL BACKGROUND

### OIL AND GAS OWNERSHIP, SUBJECT LEASE AND WELLS

7. CMP is the owner of oil and gas in and under a certain tract of land situated in Tyler County measuring 51.125 acres, more or less (the "Subject Property"). The Subject Property underlies current surface tax parcel number 05-07-39 in McElroy District, Tyler County.

8. Specifically, CMP acquired an interest in the oil and gas royalty as a non-participating royalty interest ("NPRI") in and under the Subject Property by virtue of those certain deeds (the "Vesting Deeds") recorded as follows:

   a. Official Record Book 144, Page 53;
   b. Official Record Book 150, Page 711;
   c. Official Record Book 157, Page 22;
   d. Official Record Book 170, Page 67;
   e. Official Record Book 177, Page 580; and
   f. Official Record Book 177, Page 585.

True and correct copies of the Vesting Deeds are attached hereto as **Exhibit A**.

9. The grantors of the Vesting Deeds are successor-in-interest to James Thompson, who owned the Subject Property at the time of his death in or about 1916.

10. The Vesting Deeds specifically granted and conveyed unto CMP all of grantors' right, title, and interest in and to "all royalties, overriding royalties, revenues, payments, production payments, bonuses, delay rentals, accounts, suspended funds, refunds, interest on overdue payments and other things of value, due, payable or owed by" Jay-Bee. *See, e.g.*, Official Record Book 144, Page 53 included in **Exhibit A**.

11. The Vesting Deeds also granted and conveyed unto CMP all of grantors' right, title, and interest in and to royalties attributable to production of oil and gas from the Subject Property "which occurred prior to the execution date or effective date" of the Vesting Deeds but which had not been paid to grantors therein, including "any and all sums of money, suspended runs or accounts of any type and character, due, payable or owing" to grantors by Jay-Bee "by reason of any such prior production." *See, e.g., id*.

12. Jay-Bee is engaged in the development of oil and gas in Tyler County.

13. CMP's NPRI in the Subject Property is subject to that certain Annual Payment Oil & Gas Lease dated May 24, 2011, by and between Gilbert Hufford, as lessor, and Jay-Bee Production, as lessee (the "Subject Lease"). A true and correct copy of the Subject Lease is attached hereto as **Exhibit B**.

14. Jay-Bee created the Happy 1a 1 thru 4 Unit, recorded at Deed Book Volume 546, Page 439, which unitized several oil and gas leases for the drilling, development, and production of oil and gas in and under certain tracts of land located in Tyler County (the "Unit"). The Unit measured or covered a total of 639.84 acres, and the Subject Property/Subject Lease was included and designated therein as Tract T3013. A true and correct copy of the Unit is attached hereto as **Exhibit C**.

15. Jay-Bee drilled at least five active and producing wells in the Unit, namely the Happy 1 Well (API #4709502225), the Happy 1A Well (API #4709502226), the Happy 2 Well (API #4709502147), the Happy 3 Well (API #4709502227), and the Happy 4 Well (API #4709502228) (the "Wells").

16. Upon information and belief, the Wells have produced oil and gas and/or Jay-Bee reported production therefrom since, at the earliest, September of 2016.

### JAY-BEE IMPROPERLY DEDUCTED POST-PRODUCTION COSTS

17. The royalty clause in the Subject Lease states in relevant part:

> The Lessee shall deliver to the credit of the Lessor free of cost, in the pipeline to which he may connect his wells, the equal one-eighth (1/8) part of all oil and gas produced and saved from the leased premises, payable quarterly[.]

*See* **Exhibit B** at pg. 1.

18. Based on the production of oil and gas from the Unit, Jay-Bee is required to pay royalties to landowners pursuant to the terms of oil and gas leases executed by the landowners. CMP is a royalty owner entitled to royalties pursuant to the terms of the Subject Lease.

19. Jay-Bee has paid CMP royalties for production of oil and gas pursuant to the Subject Lease. However, since production began from the Unit and/or Jay-Bee sold oil and gas produced from the Wells therein, Jay-Bee deducted significant expenses or costs from CMP's royalties attributable to the Subject Lease.

20. Under West Virginia law, an oil and gas lessee impliedly covenants to market oil and gas produced. The duty to market includes the responsibility to put the product in marketable condition and transport it to the market.

21. Consistent with its implied covenant, Jay-Bee must bear all costs incurred in exploring for, producing, marketing and transporting the product, unless the lease expressly provides otherwise.

22. Language in an oil and gas lease that is intended to allocate post-production costs between the lessor and lessee must be specific. The lease language must expressly provide that the lessor shall bear some part of the costs incurred, identify with particularity the specific deductions the lessee intends to take from the lessor's royalty, and indicate the method of calculating the amount to be deducted from the royalty for such post-production costs.

23. The Subject Lease unequivocally does not permit Jay-Bee to deduct post-production costs from the royalties paid and/or payable to CMP under West Virginia law.

24. CMP gave Jay-Bee notice of its failure to properly pay royalties on multiple occasions, including as early as February 17, 2023. Yet, Jay-Bee refused to reimburse CMP for the improper deductions after each notification and demand for repayment/proper payment.

## WEST VIRGINIA STATUTORY PROTECTIONS

25. By virtue of the Vesting Deeds, CMP acquired all right, title, and interest in and to the oil and gas owned by grantors thereof, including all royalties, accounts, suspended funds, and "*interest on overdue payments*." *See*, *e.g.*, Official Record Book 144, Page 53 included in **Exhibit A** (emphasis added).

26. In 2018, the West Virginia legislature enacted a statutory scheme aimed at protecting mineral owners such as CMP from systemic problems associated with the reporting and payment of royalties by oil and gas producers. W.Va. Code § 37C-1-1, *et. seq.*, (the "Act").

27. The Act attempts to address and prevent such abuses through a number of statutory requirements and associated remedies.

28. The Act requires companies, including Jay-Bee, to pay a statutory penalty as follows: "All regular production payments from horizontal wells due and owing to an interest owner shall be tendered in a timely manner, which shall not exceed 120 days from the first date of sale of oil, natural gas, or natural gas liquids is realized and within 60 days thereafter for each additional sale, unless such failure to remit is due to lack of record title in the interest owner, a legal dispute concerning the interest, a missing or unlocatable owner of the interest, or due to conditions otherwise specified in this article." W.Va. Code § 37C-1-3.

29. The Act further states that "Failure to remit timely payment for horizontal wells shall result in a mandatory additional payment of an interest penalty to be set at the prime rate plus an additional two percent until such payment is made, to be compounded quarterly. The prime rate shall be the rate published on the day of the sale of oil, natural gas, and natural gas liquids in the Wall Street Journal reflecting the base rate on corporate loans posted by at least 75 percent of the nation's 30 largest banks." *Id*.

30. By unjustifiably and improperly taking deductions of post-production costs from CMP's royalties attributable to the Subject Lease, Jay-Bee failed to remit timely payment of royalties owed to CMP. In other words, Jay-Bee has only partially paid royalties to CMP, rendering the remaining royalties not timely paid under the Act.

31. Jay-Bee has not tendered any statutory penalty payment to CMP and continues to refuse to do so.

32. Jay-Bee's violation of the of the Act was willful and intentional.

33. The Act gives CMP an absolute right to statutory penalty payments (unless an exception applies but none do in CMP's case).

34. As a result of Jay-Bee's violation of the Act and/or breach of its royalty payment obligations under the Subject Lease, CMP has sustained damages.

### COUNT I – BREACH OF CONTRACT

35. CMP incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth herein.

36. Jay-Bee, by virtue of the Subject Lease, owed a duty to CMP to remit royalty payments without deducting any costs therefrom.

37. Jay-Bee breached its duty to CMP by improperly deducting costs from said payments attributable to the Subject Lease.

38. As a result of Jay-Bee's breach of its contractual obligation and duty, CMP has suffered monetary damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Jay-Bee in an amount equal to the improper deductions from Plaintiff's royalty payments attributable to the Subject Lease, plus an award of prejudgment interest, plus costs of suit, and for any and all other relief that this Court may deem just and proper. Plaintiff further requests that this Court enter an Order declaring that Jay-Bee is required to pay future royalties to CMP attributable to the Subject Lease without deduction of any and all post-production costs.

### COUNT II - VIOLATION OF W.VA. CODE § 37C-1-1, *ET. SEQ.*

39. CMP incorporates by reference the allegations in all other paragraphs of this Complaint as if sully set forth herein.

40. The Act requires payment of <u>all</u> proceeds to be made in a timely manner according to the time periods set forth in the Act.

41. By unjustifiably and improperly deducting post-production costs from CMP's royalties, Jay-Bee failed to make timely payment of same and violated the Act.

42. Jay-Bee was required to make statutory penalty payments and failed to do so.

43. Jay-Bee's failure to make statutory penalty payments was knowing and intentional.

44. Jay-Bee's failure to comply with the Act caused CMP to be harmed or damaged.

WHEREFORE, CMP respectfully requests that this Court enter an Order granting judgment in its favor and against Jay-Bee and an award of damages consisting of statutory penalty payments, as provided by the Act, plus prejudgment interest, and any and all other relief that this Court may deem just and proper.

Respectfully submitted,

Dated: June 6, 2023

BERNSTEIN-BURKLEY, P.C.

By: */s/ Trisha R. Hudkins*
Trisha R. Hudkins (WV Bar No. 12667)
48 14th Street
Suite 301
Wheeling, WV 26003
Telephone: 412-456-8105
thudkins@bernsteinlaw.com

BLOCK & ASSOCIATES, LLC

By: */s/ John R. Whipkey*
JOHN R. WHIPKEY (WV Bar No. 10033)
6514 Wilkins Avenue
Pittsburgh, PA 15217
Telephone: 412-532-8355
jwhipkey@blockpgh.com

*Counsel for Plaintiff, Carolina Mineral Partners LLC*